[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Paul Schroeder, instituted this action to recover for injuries and damages sustained in a September 15, 1992 incident.
At the time, the plaintiff was employed by Airborne Freight Corporation, and was acting within the scope of his employment.
The injury occurred when the plaintiff struck his head on a low door frame on property at 137 East Hill Road, Southbury.
On February 24, 1999, a jury returned a verdict in favor of the plaintiff, Paul Schroeder, as against the defendant, DeZinno Associates, Inc. only, and awarded damages in the amount of $382,704.
The jury determined that the plaintiff had sustained economic damages amounting to $750,400, including past, present and future economic damages. No award was returned for non-economic damages.
The jury found that the plaintiff was 49 percent negligent, and reduced the award accordingly, based upon the comparative negligence rule.
A collateral source hearing, pursuant to § 52-225a (b) of the Connecticut General Statutes was held on March 4, 1999, and continued until August 9, 1999.
The defendant, DeZinno Associates, Inc., claims that it is entitled to a reduction of the verdict based upon Social Security Disability Insurance (SSI) benefits paid to Paul Schroeder in the past, and by an amount representing moneys he will be entitled to receive in the future.
Social Security Disability Insurance (SSI) benefits are being received by the plaintiff pursuant to 42 U.S.C. § 423 (B). CT Page 12162
Paul Schroeder qualifies to receive SSI benefits based upon his having paid for disability insurance benefits through social security withholding.
The plaintiff argues that social security disability payments do not qualify as a collateral source, and therefore the defendant is entitled to no reduction of the verdict returned.
 SSI BENEFITS ARE A COLLATERAL SOURCE
Section 52-225b of the Connecticut General Statutes defines "collateral sources" to mean:
 [A]ny payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services.
Although § 52-225b does not specifically reference disability insurance payments, the defendant maintains that disability insurance payments represent "other similar insurance benefits, " thus qualifying for the mandated verdict reduction.
The defendant further argues that any failure to reduce the verdict, based upon the facts of this case, would result in a double recovery for the plaintiff, thus thwarting the objective of preventing a double recovery or windfall to the plaintiff.
Although the Connecticut Supreme Court in Vitti v. AllstateInsurance Co., 245 Conn. 169, 194-95 (1998), held that social security disability benefits paid or payable to the claimant may be offset under the provisions of an insurance contract, the court did not hold that Connecticut General Statutes §§52-225a and 52-225b mandate a similar reduction in the absence of contract language.
Section 52-225a requires the reduction of a jury verdict by "an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total amounts determined to have been paid under subsection (c) . . . ." CT Page 12163
Section 52-225a requires the court, after hearing, to reduce any award by the amount of collateral sources "which have been paid for the benefit of the claimant as of the date the court enters judgment."
The only exception expressly provided in § 52-225b involves "life insurance benefits available to the claimant . . ."
While not called upon to decide the specific issue presented here, the Connecticut Supreme Court has found that the collateral source rule would apply to contractual payments such as disability or medical insurance. Haynes v. Yale-New HavenHospital, 243 Conn. 17, 24 (1997).
Based on the facts of this case, and considering both the evidence presented and the amount of the verdict returned, it is found that social security disability benefits are a collateral source within the meaning of the "other similar insurance benefits" provision of § 52-225b, and that the failure to allow a reduction of the verdict by the amount of benefits paid would permit the plaintiff to enjoy the fruits of a double recovery (see Arkenbout v. Ryan, Superior Court, judicial district of New Haven at New Haven, Docket No. 331859 (May, 1996, Hodgson, J.);Disantis v. Allstate Insurance Co., judicial district of Litchfield at Litchfield, Docket No. CV 960072255 S (May, 1999, Sheedy, J.).
There is no rational basis for treating benefits received through Social Security Disability Insurance differently from those benefits provided by contract.
The verdict unambiguously demonstrated that the jury awarded damages to Paul Schroeder for the time lost from his employment and for loss of earning capacity.
 NO REDUCTION PERMITTED FOR FUTURE BENEFITS
The defendant argues, consistent with the result in Vitti v.Allstate Insurance Co., supra, that he is entitled to deduct from the jury award the value of disability benefits which will be made to Paul Schroeder in the future.
The defendant's argument is not persuasive. CT Page 12164
In Vitti, the insurance policy provision read: "The limits of this coverage will be reduced by . . . 2. all amounts paid or payable under any . . . disability benefits law. . . ." Id., 176.
The pertinent policy provision was expressly authorized by Regulations of Connecticut State Agencies, 38a-334-6(d)(2).
Here, the language of § 52-225a (b) restricts the reduction to collateral sources which "have been paid for the benefit of the claimant as of the date the court enters judgment.
Amounts paid to Paul Schroeder, pursuant to the letter of David L. Grant, Social Security Administration District Manager, through September 30, 1999 are $62,613.70.
Reducing the collateral sources by the percentage of negligence found to have been attributable to the claimant, Paul Schroeder, 49 percent as required by § 52-572 (h)(b), reduces the jury award of damages by $31,932.99.
 PLAINTIFF IS ENTITLED TO A CREDIT FOR MONEYS PAID TO SECURE SOCIAL SECURITY DISABILITY BENEFITS
Having determined that Social Security Disability Insurance (SSI) is a collateral source, it is necessary to consider the provisions of § 52-225a (c):
 The court shall receive evidence from the claimant and any other appropriate person concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or death.
The contributions made by or on behalf of the plaintiff to secure Social Security Disability Insurance have not been calculated.
Upon receipt of that figure, the court will reduce the $62,613.70 by the contribution.
That figure will then be reduced by 49 percent, leaving the net amount of collateral sources. CT Page 12165
Judgment will then enter in favor of the plaintiff in the amount of the recoverable economic damages, plus costs.
Judgment will not enter until such time as information is received concerning amounts paid to secure the plaintiff, Paul Schroeder's right to receive Social Security Disability Insurance (SSI) benefits.
Radcliffe, J.