[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT K-MART (#122) MOTION FOR COLLATERAL SOURCE REDUCTION
On May 7, 2001, the defendant, Kmart Corporation, filed a motion for collateral source reduction. The issue before the court is whether social security/medicare payments are considered a collateral source pursuant to — General Statutes § 52-225a. The court finds that social security benefits are not a collateral source.
Section 52-225a provides in relevant part: "In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from personal injury or wrongful death.. and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (I) of subsection (a) of section 52-572h." General Statutes § 52-225b defines a collateral source as "any payments made to the claimant, or on his behalt by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services." CT Page 13468-eh
Although there is no appellate authority on this issue, there is a split of authority in the Superior Court as to whether social security benefits are a collateral source. A majority of courts have held that social security benefits are a collateral source pursuant to § 52-225b; see Schroeder v. Triangulum Assoc., Superior Court, judicial district of Danbury, Docket No,. 317827 (Sept. 9, 1999, Radcliffe, J.) (25 Conn. L. Rptr. 340);Disantis v. Allstate Ins. Co., Superior Court, judicial district of Litchfield, Docket No. 072255 (May 5, 1999, Sheedy, J.) (24 Conn. L. Rptr. 450);Arkenbout v. Ryan. Superior Court, judicial district of New Haven at New haven, Docket No. 331859 (may 2, 1996, Hodgson, J.) (16 Conn. L. Rptr. 627).
It is noted, however, that unlike the courts in the majority, the minority court, West, J., in Medina v. Rousseau, Superior Court, judical district of Waterbury, Docket No. 132685 (September 24, 1999, West, J.) provided a complete legislative history of § 52-225a, and found that the "legislature did not intend disability benefits to be included as collateral source payments." Id. The court found that during the house debate concerning this legislation, the house passed an amendment that removed "disability benefits as collateral source payments." Id.
Pursuant to the ruling in Medina, the court finds that social security benefits are not a collateral source pursuant to § 52-225a, and, consequently, the motion to reduce the social security payments from he verdict amount is denied.
By the Court
Joseph W. Doherty, Judge